2001 SD 137

**Paulette HALL and Donald Williams, Plaintiffs and Appellees,**

v.

**CITY OF WATERTOWN, by and through the City of Watertown Police Department, and Shane Smith, individually and in his capacity as a Police Officer for the City of Watertown, Defendants and Appellants.**

No. 21851.

Supreme Court of South Dakota.

Considered on Briefs Oct. 2, 2001.

Decided Nov. 14, 2001.

Rehearing Denied Dec. 14, 2001.

David R. Gienapp of Arneson, Issenhuth & Gienapp, Madison, SD, Attorneys for plaintiffs and appellees.

Roy A. Wise of Richardson, Groseclose, Wyly, Wise & Sauck, Aberdeen, SD, Attorneys for defendants and appellants.

KONENKAMP, Justice.

[¶ 1.] We granted intermediate appeal to decide whether the statute conferring immunity for injuries caused by escapees and persons resisting arrest overrides the statute waiving immunity to the extent of liability coverage. Although the circuit court prematurely concluded that one statute trumped the other, it reached the right result in finding a waiver of immunity. We affirm.

### Background

[¶ 2.] Officer Shane Smith, a Watertown police officer, spotted someone driving erratically on Highway 20. The officer turned on his flashing lights, but the driver, John Behnke, fled. He drove over a concrete flower pillar onto a grassy area and hit a tree. Officer Smith pulled up beside the temporarily stalled vehicle, which, as it turned out, Behnke had earlier stolen from a used car lot. When the officer got out of his patrol car, Behnke restarted the engine, spun around, and hit the back end of the police vehicle. He turned, drove directly at the officer, and struck the left front door of the patrol car. After this, Behnke headed back onto Highway 20. Officer Smith followed with lights flashing and siren sounding. As the pursuit continued, the vehicles reached speeds of 60 m.p.h. Behnke turned at high speed at an intersection, lost control, went over a curb, and crashed into the residence of Paulette Hall and Donald Williams. Both sustained injuries: Hall, a broken back, and Williams, unspecified lesser injuries.

[¶ 3.] Hall and Williams sued the City of Watertown, its police department, and Officer Smith. They alleged first, that

Officer Smith was negligent and reckless in pursuing Behnke, a juvenile operating a stolen automobile, and second, that the City was negligent in failing properly to supervise and train Officer Smith in correct procedures for apprehending fleeing vehicles. Defendants moved for summary judgment, arguing that SDCL 3–21–9 granted them immunity and constituted a complete defense as a matter of law. The court upheld immunity under SDCL 3–21–9, but ruled that it was waived under SDCL 21–32A–1. On appeal, defendants contend that statutory immunity afforded in SDCL 3–21–9 is not waived by participation in liability coverage.

### Analysis and Decision

[¶ 4.] Sovereign immunity is a legal concept examined de novo, with no deference to the circuit court's legal reasoning. *Cromwell v. Rapid City Police Dep't.*, 2001 SD 100, ¶ 8, 632 N.W.2d 20, 23. Despite arguments from both sides that the issue before us depends on the relative priority of § 3–21–9 contrasted with §§ 21–32A–1 and 21–32A–2, we believe a more elementary question presents itself, namely, whether § 3–21–9 may be properly applied to this fact situation.[1]

[¶ 5.] Immunity is conferred under SDCL 3–21–9:

No person, political subdivision or the state is liable for any injury resulting from the parole or release of a prisoner or from the terms and conditions of his parole or release or from the revocation of his parole or release, or for any injury caused by or resulting from: (1) an escaping or escaped prisoner; (2) an escaping or escaped person; (3) a person resisting arrest; (4) a prisoner to any other prisoner; or (5) services or programs administered by or on behalf of the prison, jail or correctional facility.

The circuit court found that Behnke was either "an escaping person" or "a person resisting arrest." However, the initial four lines of the statute make clear that it applies to injuries resulting from the parole or release of *prisoners.* Here, no prisoner was released. Behnke could not be an escaping or escaped prisoner because he was not in custody or under arrest before the chase began. Nor could he be a person resisting arrest. To resist arrest, one must be informed that police intend to arrest, for without that knowledge a person cannot, in turn, intentionally resist arrest.[2] *See State of Arizona v.*

---

1. *See Webb v. Lawrence County,* 144 F.3d 1131 (8thCir.1998) (SDCL 3–21–9 provided complete defense to a *prisoner's* state negligence claim) (emphasis added); *Brown v. Youth Services International of South Dakota, Inc.,* 89 FSupp2d 1095 (D.S.D.2000) (as a private entity, Youth Services could not be immune under SDCL 3–21–9 for liability resulting from several students' escape from *custody*) (emphasis added).

2. According to the South Dakota Pattern Jury Instructions (Criminal), a defendant must have the intent to prevent or attempt to prevent an arrest. *See* § 3–9–10, Resisting Arrest—Elements. That jury instruction is based on SDCL 22–11–4, Resisting Arrest, which states: "Any person who intentionally prevents or attempts to prevent a law enforcement officer or jailer, acting under color of

his authority, from effecting an arrest of the actor or another, by (1) Threatening to use physical force or violence against the law enforcement officer or jailer or any other person; or (2) Using any other means which creates a substantial risk of causing physical injury to the law enforcement officer, jailer, or any other person; is guilty of resisting arrest . . . ." Thus defendants can be guilty of resisting arrest only if they (1) intend to do so *and either* (2a) threaten to use force or violence *or* (2b) create a risk of physical injury. Since Behnke caused actual physical injury, he also created a risk of physical injury; however, as explained in the text, he cannot have had the *intent* to resist arrest, not having been informed that Officer Smith intended to arrest him. Although the absence of the intent element precludes one's being found guilty of

*Womack,* 174 Ariz. 108, 847 P.2d 609 (Ct. App.1992) (absent an indication that pursuing officers communicated their intent to arrest there can be no resisting arrest). Therefore, § 3–21–9 is inapplicable here.

[¶ 6.] Waiver of immunity is governed by SDCL 21–32A–1:

> To the extent that any public entity, other than the state, participates in a risk sharing pool or purchases liability insurance and to the extent that coverage is afforded thereunder, the public entity shall be deemed to have waived the common law doctrine of sovereign immunity and shall be deemed to have consented to suit in the same manner that any other party may be sued. The waiver contained in this section and §§ 21–32A–2 and 21–32A–3 is subject to the provisions of § 3–22–17.

Similarly, SDCL 21–32A–2 provides:

> Except insofar as a public entity, including the state, participates in a risk sharing pool or insurance is purchased pursuant to § 21–32A–1, any employee, officer or agent of the public entity, including the state, while acting within the scope of his employment or agency, whether such acts are ministerial or discretionary, is immune from suit or li-

ability for damages brought against him in either his individual or official capacity. The immunity recognized herein may be raised by way of affirmative defense.

[¶ 7.] It is undisputed that Watertown participates in a risk-sharing pool, and since we find § 3–21–9 inapplicable, liability remains open, subject to the limits determined by the City's participation. That is, §§ 21–32A–1 and 21–32A–2 stand unhindered in waiving liability under these facts. Our holding means that although the circuit court used the wrong reason, it was correct in finding that immunity was waived.

[¶ 8.] Affirmed.

[¶ 9.] GILBERTSON, Chief Justice, SABERS, AMUNDSON, Justices, and GORS, Circuit Judge, Acting Supreme Court Justice, concur.

---

resisting arrest, it does not, of course, prevent one from being charged with, and found guilty of other crimes, e.g., obstructing a public officer (SDCL 22–11–3) or eluding a law enforcement vehicle (SDCL 32–33–18).